### WILLIAM TATUM *v.* SIMPSON TATE ET AL.

1. EQUITY. *New trial at law. Newly discovered evidence.*

    Equity courts have power to grant new trials at law, after the adjournment of the law court, on newly discovered evidence.

2. SAME. *What essential.*

    To obtain in equity a new trial at law, a full statement of the facts constituting the new evidence must be made, and the court must be satisfied that the newly discovered facts are material, would have changed the result, and were not discoverable by the exercise of diligence before the trial at law.

3. SAME. *Affidavit of the witness.*

    The affidavit of the witness to the newly discovered facts in detail, if it can be had, should be presented with a bill in equity seeking a new trial at law because of such evidence.

FROM the chancery court of Tunica county.

HON. A. McC. KIMBROUGH, Chancellor.

Tatum, the appellant, was the complainant in the court below; Simpson Tate and another, members of the co-partnership of

Tate & Co., were defendants there. The facts are fully stated in the opinion of the court.

*F. A. Montgomery,* for appellant.

Is it not against conscience to allow a judgment to be executed which is an injustice to the appellant as well as to the witness on whose testimony it was founded? If unjust, then surely it ought to be enjoined. High on Injunctions, 114.

Where facts material to establish a defense are discovered since the trial, which defendant could not by the use of diligence have discovered sooner, equity will intervene. High on Injunctions, 115.

What more important to the establishing of the defense in this case than that the only witness for his opponent admits now that he was mistaken in his testimony? High on Injunctions, 116, 117, and 118.

All that is exacted of the defendant is diligence, and he is entitled to a new trial if he could not by the exercise of diligence have known the facts sooner. *Ellis* v. *Kelly,* 33 Miss., 695; *Wright* v. *Alexander,* 11 Smed. & M., 411; *Greene* v. *Bank,* 73 Miss., 542; *Cotton* v. *Hiller,* 52 Miss., 7; *Pearce* v. *Chastine,* 46 Am. Dec., 423; *Jones* v. *Bank,* 35 Am. Dec., 419; *Hoskins* v. *Hattenbeck,* 14 Iowa, 319; *Oliver* v. *Pray,* 19 Am. Dec., 612.

*Calvin Perkins,* for appellees.

There is no attempt to state what the newly discovered evidence is. The letter of Matthews merely states a conclusion to which the witness has come, without giving the facts which would go to show that his former testimony was mistaken, or for any reason erroneous. If the facts were stated the court might be able to see that they were immaterial, and would make no change in the result. *Gavigan* v. *State,* 55 Miss., 533; *Hare* v. *Sproul,* 2 How. (Miss.), 772; *Rulon* v. *Lintol,* 2 How. (Miss.), 891.

"A new trial will not be granted on a mere showing that new evidence has been discovered. Newly-discovered evidence, in order to be sufficient, must fulfill all the following requirements: (1) It must be such as will probably change the result if a new trial be granted; (2) it must have been discovered since the trial; (3) it must be such as could not have been discovered before the trial by the exercise of due diligence; (4) it must be material to the issue; (5) it must not be merely cumulative to the former evidence; (6) it must not be merely impeaching or contradicting the former evidence." 14 Enc. Pl. & Pr., 791.

"The above proposition was first formulated in *Berry* v. *State,* 10 Ga., 511, and has been followed in nearly every state, and, in some instances, incorporated into the statutes and codes of procedure." 14 Enc. Pl. & Pr., 791, note 2.

"An affidavit of newly discovered evidence, as a ground for a new trial, should show: (1) The names of the witnesses; (2) the testimony expected from them; (3) that the evidence is newly discovered; (4) that due diligence was used to procure it; (5) that it is material; (6) that it is not cumulative; (7) that it is not impeaching; (8) that it will probably change the result." 12 Am. Dec., 143, note.

"An affidavit of a witness that he was mistaken in his testimony must also relate the testimony that he will give on a new trial, in order that the sufficiency and validity of his testimony may appear." *Spillars* v. *Curry,* 10 Texas, 143. "The mere statement of the witness that he was mistaken is not sufficient. *Jossey* v. *Stapleton,* 57 Ga., 144; *O'Kelly* v. *Felker,* 71 Ga., 775." 14 Enc. Pl. & Pr., 754.

CALHOON, J., delivered the opinion of the court.

Tate & Co. sued Tatum on a promissory note, and the question was whether it had been paid. The jury found for Tate & Co., and Tatum's motion for a new trial was overruled. After the trial in the circuit court, and after that

court had adjourned, Mathews, who was the only witness for Tate & Co., wrote Tatum's attorney a letter, as follows:

"After giving careful consideration to the case of *Tate & Co. v. William Tatum,* I am of the opinion that my testimony in the case does myself and the negro an injustice. I have seen cause to change my evidence, if it should be to go over again, and am willing to make an affidavit that 'with the lights before me now, and after carefully examining into the matter since the trial, and taking in consideration all the papers and facts in the case, that, to the best of my knowledge and belief, that Tatum does not owe Tate & Co. the claim sued for.' You can prepare an affidavit to this effect, and mail it to me here, and I will swear to it."

On this, Tatum filed his bill in chancery to enjoin execution of the judgment at law and for a new trial, to which Tate & Co. demurred, and their demurrer was sustained and his bill dismissed. He declined to amend, and appealed to this court. There is no doubt of the power of chancery to decree new trials after the adjournment of the law court, on evidence discovered after trial. But it is of the gravest public interest that trials should be final, and judgments should never be disturbed except upon clear, convincing, and weighty reasons. So, before the equity tribunal will intervene, the new evidence must be set out by a full statement of facts—not merely the conclusion of witnesses from what they have in mind. This is necessary in order that the court may determine that the facts are material, and that they were not discoverable at the trial by the exercise of proper diligence, and that they would have changed the result. In addition to this, the court should have the affidavit of the witness to the facts in detail, if the affidavit can be had, in support of the affidavit of the complainant. *Hare v. Sproul,* 2 How. (Miss.), 772; *Rulon v. Lintol,* 2 How. (Miss.), 891; *Gavigan v. State,* 55 Miss., 533.

Regretfully we decide that these essential requirements are

not met by complainant below—regretfully, because it is probable he was an innocent victim in the trial at law.

*Affirmed.*